■ LORETTA M. HART, as Administratrix of the Estate of BRUCE F. HART, Deceased, Appellant, v. AMERICAN AIRLINES, INC., Respondent. MARY H. BETTRIDGE, as Executrix of JAMES D. BETTRIDGE, Deceased, et al., Appellants, v. AMERICAN AIRLINES, INC., Respondent.— Orders entered on May 17, 1968, unanimously affirmed, with $50 costs and disbursements to the respondent. Concur — Stevens, P. J., Tilzer, McGivern and Bastow, JJ.; McNally, J. concurs in the following memorandum: I would affirm the orders entered May 17, 1968, denying summary judgment to plaintiffs. However, in view of the fact that counsel stated on argument, which statement was not contradicted, that some of the joined plaintiffs are resident here, plaintiffs may be entitled to a preference in the interests of justice. (See *Sullivan* v. *Ganios*, 31 A D 2d 527; cf. *Bush* v. *Hertz Corp.*, 29 A D 2d 938.) We have hitherto ordered joint trials in these cases. (*Hart* v. *American Airlines*, 28 A D 2d 986.) For the difference between consolidation and joint trials see *Padilla* v. *Greyhound Lines* (29 A D 2d 495). Courts have an inherent power over the control of their calendars and the disposition of business before them, including the order in which disposition will be made of that business. (*Landis* v. *North Amer. Co.*, 299 U. S. 248, 254; *American Life Ins. Co.* v. *Stewart*, 300 U. S. 203, 215; *Plachte* v. *Bancroft Inc.*, 3 A D 2d 437, 438.) Where a common defendant has been held liable on the merits in another forum for negligently causing the death of a passenger in an aircraft catastrophe, I feel that resident plaintiffs situated similarly to plaintiffs whose action has been determined on the merits should be given an opportunity to apply for an early trial.